IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02204-BNB

RODNEY BUNCH,

    Applicant,

v.

STATE OF COLORADO,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 3 0 2008

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

Applicant, Rodney Bunch, is a prisoner in the custody of the Arkansas Department of Corrections at the East Arkansas Regional Unit in Brickeys, Arkansas. Mr. Bunch has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The Court must construe the Application liberally because Mr. Bunch is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Bunch will be ordered to file an Amended Application.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires that Mr. Bunch go beyond notice pleading. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977). Naked allegations of constitutional violations devoid of factual support are not cognizable in a federal habeas action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Mr. Bunch must allege on the Court-

approved form both the claims he seeks to raise and the specific facts to support each asserted claim.

The Court has reviewed the Application and finds that it is deficient because Mr. Bunch fails to assert any claims for relief on the Court-approved form. The Court is not responsible for reviewing any attachments that Mr. Bunch has provided to try and determine what constitutional violations he intends to raise in this Court. Therefore, Mr. Bunch will be ordered to file an Amended Application in which he identifies the specific claim or claims for relief he is asserting and in which he provides specific facts in support of each asserted claim. Applicant also must assert if and how he has exhausted his state-court remedies with respect to each of the claims.

Mr. Bunch also should take note that pursuant to 28 U.S.C. § 2243 an application for writ of habeas corpus is directed to the person who has custody of the person detained. Because Mr. Bunch is housed in Arkansas, John Suthers, the Attorney General for the State of Colorado is a properly named respondent. Therefore, Mr. Bunch is instructed to name John Suthers and the warden for the facility where he currently is incarcerated as respondents in the Amended Application. Accordingly, it is

ORDERED that Mr. Bunch file **within thirty days from the date of this Order** an Amended Application that complies with the Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Bunch, together with a copy of this Order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that if Mr. Bunch fails within the time allowed to file an Amended Application as directed the action will be dismissed without further notice.

DATED January 30, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02204-BNB

Rodney Bunch
Prisoner No. 117083
East Arkansas Regional Unit
Brickey's Unit
PO Box 180
Brickey's, AR 72320

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** to the above-named individuals on 1/30/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk