IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02204-BNB

RODNEY BUNCH,

Applicant,

v.

GREG HARMON, Warden, Brickeys Unit, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 28 2008

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant Rodney Bunch is in the custody of the Arkansas Department of Corrections and currently is incarcerated at the East Arkansas Regional Unit in Brickeys, Arkansas. Mr. Bunch has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 seeking the dismissal of a pending drug possession charge that he claims has been pending against him since May 14, 1998, in the State of Colorado.

The Court must construe the Application liberally because Mr. Bunch is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Application will be denied and the action will be dismissed.

Mr. Bunch claims, in the Application, that his speedy trial rights have been violated, because he has not been brought before a court to be adjudicated on the

pending drug charge. He requests that the pending criminal case be dismissed for failure to adjudicate the charges against him in a timely manner.

A state prisoner subject to untried charges may bring a pretrial habeas corpus action in federal court pursuant to 28 U.S.C. § 2241 to "demand enforcement of the [State's] affirmative constitutional obligation to bring him promptly to trial." **Braden v. 30th Judicial Circuit Court**, 410 U.S. 484, 489-90 (1973). Therefore, to the extent Mr. Bunch is alleging that his constitutional right to a speedy trial has been violated, the claim may be raised in a pretrial habeas corpus action pursuant to § 2241. A federal court has jurisdiction in a speedy trial claim that is raised in a pretrial habeas corpus action only if the prisoner is in custody and has satisfied the exhaustion requirement. **See Capps v. Sullivan**, 13 F.3d 350, 353-54 (10th Cir. 1993).

> Whether exhaustion requires the petitioner to stand for trial prior to habeas corpus relief depends upon the nature of the remedy sought. [An] attempt to dismiss an indictment or otherwise prevent a prosecution . . . is normally not attainable by way of pretrial habeas corpus; but an attempt to force the state to go to trial may be made prior to trial, although state remedies must still be exhausted.

*Id.* at 354 (internal quotation marks omitted).

As noted above, Mr. Bunch seeks to have the drug possession charge dismissed that is pending against him. Therefore, he is seeking to prevent the prosecution of his criminal case and not merely to force the state to bring him to trial. Because such relief is not available in the instant action in this Court, the Application will be denied. Even if Mr. Bunch were only seeking to force the government to commence trial proceedings in this pending drug possession case, the Application still would be denied because, as

2

Mr. Bunch concedes in the Application form, he has not exhausted his state-court remedies.

To the extent that Mr. Bunch asserts that the pending state criminal charge was recently transferred to this Court from the state court, there is no pending criminal case for Mr. Bunch on this Court's Docket. Without a pending case in this Court there is no basis for this Court to consider his speedy trial claims in the instant action. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed.

DATED at Denver, Colorado, this 27 day of March, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02204-BNB

Rodney Bunch
Prisoner No. 117083
East Arkansas Regional Unit
Brickey's Unit
PO Box 180
Brickey's, AR 72320

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/28/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk